IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GILBERTO DIAZ TORRES<br>Plaintiff<br>vs<br>UNITED STATES OF AMERICA<br>Defendant | CIVIL 18-1629CCC<br>(Related Cr. 15-0254-06CCC) |

**OPINION AND ORDER**

Petitioner Gilberto Díaz Torres, who was self-convicted on drugs and weapons charges and sentenced on June 29, 2017 to serve two consecutive 60-month terms, filed a Motion Under 28 U.S.C. § 2255 claiming that his attorney was ineffective (d.e. 1). The United States moved to dismiss the Petition on January 24, 2019, averring that it was untimely filed (**d.e. 4**). Petitioner opposed said request for dismissal on February 12, 2019 (d.e. 5).

The government correctly notes that § 2255 motions must be filed within one year of the date on which the judgment of conviction becomes final. It goes on to argue that since defendant was sentenced on June 29, 2017 and he did not appeal, his judgment of conviction became final fourteen (14) days after being imposed, that is, on July 13, 2017. As the Petition was not signed and delivered to prison officials until August 21, 2018, the government advances that it missed the one-year deadline which expired on July 13, 2018 by a little over one month. The government further posits that petitioner has not established circumstances that would entitle him to equitable tolling.

Petitioner, in opposition, acknowledges having "filed" his Petition on August 21, 2018. He invokes, however, a number of Supreme Court cases which supposedly establish that if a federal prisoner chooses not to seek direct

CIVIL 18-1629CCC                        2
(Related Cr. 15-0254-06CCC)

review in court, the conviction becomes final when the time for filing a certiorari petition before the Supreme Court expires. As the 90-day window for filing the certiorari petition would have expired on September 26, 2017, his August 21, 2018 Petition would have been timely submitted within the one-year limitation period.

We have reviewed the Supreme Court cases cited by defendant: Clay v. United States, 537 U.S. 522 (2003); Jimenez v. Quarterman, 555 U.S. 113 (2009) and Gonzalez v. Thaler, 565 U.S. 134 (2012). The Supreme Court therein held that, in situations where a defendant has appealed his conviction, for the purpose of starting the clock on § 2255's one-year limitation period the judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. The Court relied on § 2255's statutory language tying the limitation period to the date when "the judgment of conviction becomes final." See § 2255(f)(1). Thus, it specifically held in Clay that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay, at p. 532. See also Gonzalez, 565 U.S. at 154.

In similar fashion, for criminal defendants who do not file an appeal, § 2255's one-year limitation period starts to run when the time for filing such an appeal expires. There is a plethora of cases so holding. See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008) (agreeing with the Second, Third, and Sixth Circuits that "when a federal prisoner fails to file a notice of

CIVIL 18-1629CCC                              3
(Related Cr. 15-0254-06CCC)

appeal from his conviction . . . the conviction becomes final for purposes of § 2255 upon the expiration of the 10–day period for filing a direct appeal."); Moshier v. U.S., 402 F.3d 116, 118 (2d Cir. 2005) (unappealed criminal judgment becomes final for purposes of calculating one-year limitations period specified in § 2255 when the period for filing a notice of appeal expires); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (finding that, for purposes of 28 U.S.C. § 2255 motions, "an unappealed federal criminal judgment becomes final ten days after it is entered;" Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")).

Here, petitioner's conviction became final on July 13, 2017, fourteen (14) days after sentence was imposed upon him on June 29, 2017. He, thus, had until July 13, 2018 to file his § 2255 Petition. Since he did not file it until August 21, 2018, it is time barred.

The only remaining question is whether the deadline for filing the § 2255 Petition should be equitably tolled. The First Circuit has recognized that "equitable tolling is available only in cases in which 'circumstances beyond the litigant's control have prevented [her] from promptly filing.'" Ramos-Martinez v. United States, 638 F.3d 315, 323 (1st Cir. 2011) (quoting Cordle v. Guarino, 428 F.3d 46, 48 (1st Cir. 2005). Petitioner does not argue, nor do we discern, any basis upon which the one-year limitations period could be equitably tolled. As a result, petitioner's § 2255 Petition is untimely.

CIVIL 18-1629CCC 4
(Related Cr. 15-0254-06CCC)

For the foregoing reasons, the United States' Motion to Dismiss (**d.e. 4**) is GRANTED.  Judgment will be entered accordingly DISMISSING this § 2255 Petition (d.e. 1).

SO ORDERED.

At San Juan, Puerto Rico, on June 20, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge